UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CORY KING, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 13-2202 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

The petitioner, Cory King, was indicted on two counts of distribution of cocaine base (crack) based on two controlled buys. On December 8, 2011, King pleaded guilty to both counts pursuant to a written plea agreement. The court accepted the guilty plea and set the matter for sentencing. In exchange for the agreed sentencing range, King agreed to waive his right to collateral attack.

On March 9, 2012, the court sentenced King to the statutory minimum of 120 months imprisonment. The sentencing was at the bottom of the parties' agreed sentencing range. Despite receiving the minimum sentence, King appealed, raising the application of the Fair Sentencing Act to his case. He did not challenge his guilty plea or conviction. On July 10, 2012, the Seventh Circuit vacated the sentence and remanded the case for resentencing in accordance with the Supreme Court's decision in *Dorsey v. United States*, 132 S. Ct. 2321 (2012). On December 13, 2012, King was resentenced to the statutory minimum of 120 months.

King now challenges his conviction and sentence. In Ground One, he claims that the court never accepted his guilty plea, which he now wishes to withdraw. In Ground Two, he claims that counsel was ineffective for failing to advise him that the court never accepted his plea, so he could withdraw his plea after the plea hearing.

The transcript of the change of plea [28], page 17, shows that the court accepted the guilty plea. Moreover, King was admonished that if he wanted to change his mind about pleading guilty, he had to do it that morning before the court accepted the plea. Plea Tr., d/e 28, p.14. At the end of the proceeding, the court asked King if he had anything else to say, and King stated, "Just that I am here to take care of it. I know what I did was wrong." Plea Tr., d/e 28, p.19. The court told King that he would have a chance for allocution at sentencing. There is no possibility that King misunderstood the purpose of the change of plea, or that he thought he could withdraw his plea at a later date.

In addition, King stated that he understood that the deal he made in the plea agreement was what he was "stuck with" and that he could not appeal (other than on the basis of the Fair Sentencing Act) or file a collateral attack. Plea Tr., d/e 28, pp. 11-12. Indeed, he is still "stuck with" the agreement he made.

In this case, King was sentenced twice before he filed his collateral attack. His Ground One is procedurally defaulted because he did not attempt to withdraw his guilty plea at any time before he filed this motion. He was admonished of the rights he was giving up, and cannot at this late date ask for a do-over.

Although a claim of ineffective assistance of counsel may be raised on collateral review, King waived his right to collaterally attack his conviction and sentence and cannot rescind that waiver. Count II also fails on the merits. The court accepted the guilty plea after warning King that, once accepted, it could not be withdrawn. Counsel was not ineffective for failing to advise King otherwise.

The motion to vacate, set aside, or correct the sentence [1] is denied. This case is terminated.

Entered this 1st day of May, 2014.

**s/Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE